FILED
DEC 09 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ___MM___ DEP CLK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

ANTRECE SHAVON ROSS,

*Plaintiff,*

V.

Case No.: 5:25-cv-00796-FL

EXPERIAN INFORMATION SOLUTIONS, INC.

*Defendant.,*

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is a civil action for damages, brought pro se by Plaintiff against Defendant Experian Information Solutions, Inc. ("Experian") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

2. Experian violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose all information in Plaintiff's consumer file upon request.

3. Experian withheld critical identifying information including full account numbers and full account identifiers for multiple derogatory tradelines that appeared in Plaintiff's October 2025 consumer file disclosure.

4. These omissions caused the disclosure to be inaccurate, incomplete, unclear, and misleading. Plaintiff was prevented from verifying, understanding, or disputing the information in her file.

5. As a result of Experian's inadequate disclosure Plaintiff suffered informational harm, economic harm, reputational injury, emotional distress, confusion, and lost time.

## JURISDICTION AND VENUE

6. This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District where Plaintiff resides and where the disclosure was received.

## PARTIES

8. Plaintiff is a natural person and a consumer as defined by 15 U.S.C. § 1681a(c).

9. Defendant Experian Information Solutions, Inc. is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Experian regularly assembles and evaluates consumer information for the purpose of furnishing consumer reports to third parties.

## FACTUAL ALLEGATIONS

10. In or about October 2025 Plaintiff requested her full consumer file disclosure from Experian.

11. Experian mailed Plaintiff a disclosure dated October 14, 2025 with file number 3280-2938-34.

12. This is the disclosure Plaintiff challenges as unclear, inaccurate, and incomplete because it withheld and omitted information that Experian was required to disclose under section 1681g(a)(1).

13. When reviewing the disclosure Plaintiff noticed multiple derogatory items that appeared to negatively affect her creditworthiness.

14. Plaintiff's ability to verify, understand or dispute these items was hindered because Experian did not clearly or accurately disclose the identifying information associated with the accounts.

15. Each of the following tradelines contained only a partial account number or partial identifier which made the disclosure inaccurate, incomplete and unclear:

- Westlake Financial SVC partial account 1409
- National Credit Systems partial account 5590428
- Self SouthStateBank partial account CBA0000000001638
- State Employees Credit Union partial account 626236
- Resurgent LVNV Funding partial account 549806008137
- Merrick Bank Corp partial account 542539504382
- Department of Education Nelnet partial account 90000085244
- IC System Inc partial account 153714567
- Department of Education Nelnet partial account 90000070862
- Credit One Bank partial account 37936302979
- Credit One Bank partial account 444796256434
- Austin Capital Bank SSB partial account 8A8201
- Capital One partial account 517805801203

16. These partial identifiers prevented Plaintiff from determining whether these accounts belonged to her or whether they reflected a reporting error.

17. Upon information and belief Experian possessed additional identifying information for each account at the time of Plaintiff's request.

18. This information included full account numbers, and internal account identifiers.

19. This additional identifying information was provided to Experian by the furnishers of each tradeline and is retained by Experian for use in matching verifying reinvestigating and reporting consumer credit information.

20. Upon information and belief Experian includes this same identifying information including full account numbers and internal identifiers in the consumer reports it prepares and furnishes to third party creditors. This confirms that Experian had the information in Plaintiff's file at the time of her request.

21. Plaintiff did not request that any part of her disclosure be masked, truncated or suppressed.

22. Experian withheld this information despite the statute's requirement that a consumer reporting agency disclose all information in the consumer's file at the time of the request.

23. Because the disclosure lacked full identifiers Plaintiff could not determine the origin or accuracy of the accounts and could not meaningfully exercise her rights under 15 U.S.C. § 1681i.

## The Statutory Standard

24. Section 1681g(a)(1) imposes a clear statutory duty on consumer reporting agencies to provide all information contained in the consumer's file upon request. The disclosure must be complete, transparent, and understandable, and must reflect the entire contents of the consumer's file as it existed at the time of the request.

25. The disclosure must be complete, transparent, and understandable, and must reflect the entire contents of the consumer's file as it existed when the request was made.

26. In Gillespie v. Equifax Information Services LLC 484 F.3d 938 941 (7th Cir. 2007) the Court explained that disclosures are inadequate if they do not provide information in a manner that allows the consumer to understand and verify its accuracy.

27. As further explained by the Seventh Circuit in Gillespie v. Equifax Info. Servs., L.L.C., 484 F.3d 938, 941 (7th Cir. 2007):

*Webster's Third New International Dictionary (3d ed.1986) defines **"clearly"** as: **"(1) in a clear manner (that which is and distinctly conceived as the truth)**; (2) of something asserted or observed: without doubt or question." **"Accurately" is defined "in an accurate manner."** One of the primary purposes of the statutory scheme provided by § 1681g(a)(1) is to allow consumers to identify inaccurate information in their credit files and correct this information via the grievance procedure established under § 1681i.*

28. The Supreme Court has made clear that the purpose of section 1681g is to provide consumers with the information needed to identify inaccuracies before the information is furnished to third parties. See TransUnion LLC v. Ramirez 594 U.S. 413 440 (2021).

29. Experian retains full account identifiers Metro 2 fields and source codes internally. These items are part of the consumer's file within the meaning of section 1681g(a)(1).

30. A consumer reporting agency cannot withhold information from a file disclosure through internal truncation rules, suppression logic, or narrow interpretations of the statute when the consumer has not asked for any truncation or omission of information.

31. Experian's refusal to disclose full identifiers is based on an unreasonable and self-serving interpretation of section 1681g(a)(1).

## THE INADEQUATE DISCLOSURE

32. Experian failed to disclose all information in Plaintiff's file relating to each of the accounts listed above. Experian withheld the full account numbers, complete identifying data, and internal identifiers that Plaintiff needed in order to determine whether each account belonged to her.

33. Upon information and belief Experian furnished complete identifying information for these same accounts to third party creditors in consumer reports, which confirms that Experian possessed this information at the time of Plaintiff's request.

34. Upon information and belief the furnishers of these accounts also provided Experian with additional account identifiers and related data fields that were associated with the items complained about in this Complaint.

35. This additional identifying information was retained by Experian in its internal systems, yet it was not disclosed to Plaintiff in her file disclosure.

36. A consumer reporting agency cannot withhold information from a file disclosure through internal truncation rules, suppression logic, or narrow interpretations of the statute when the consumer has not asked for any truncation or omission of information.

37. Experian nevertheless used such internal practices to conceal or omit portions of the identifying information associated with Plaintiff's accounts.

38. By withholding this information Experian produced an incomplete, unclear, and misleading disclosure that violated section 1681g(a)(1) because it did not reflect all of the information that existed in Plaintiff's file at the time of her request and did not allow Plaintiff to understand, verify, or dispute the information being reported about her.

## **RESULTING HARM**

39.     Plaintiff suffered informational injury because she did not receive the information the statute guarantees.

40.     The purpose of section 1681g is to provide consumers with complete and accurate access to all information in their file so they can understand what is being reported about them and exercise their rights.

41.     Experian's incomplete disclosure deprived Plaintiff of this transparency and prevented her from knowing the full contents of her own file.

42.     Plaintiff suffered confusion, frustration, emotional distress, and lost time attempting to interpret incomplete data. The missing account identifiers made it impossible for Plaintiff to determine whether the accounts belonged to her, whether they were the result of identity theft, or whether they were being reported in error.

43.     Plaintiff spent significant time trying to piece together information that Experian was required by law to provide but did not.

44.     Plaintiff could not file meaningful disputes, which delayed her ability to correct inaccurate or unauthorized information. Because Experian withheld complete identifying information, Plaintiff was unable to prepare effective disputes or provide supporting documentation that matched each tradeline.

45.     The lack of full identifiers prevented Plaintiff from using the dispute process under section 1681i in a timely manner and increased the risk that inaccurate or unauthorized information would continue to harm her creditworthiness.

46.     Plaintiff suffered economic and reputational harm because she could not verify or challenge derogatory information that affected her creditworthiness.

47.     Plaintiff's damages are ongoing because the incomplete disclosure continues to prevent her from understanding, verifying, or correcting the information that Experian maintains and reports about her.

## WILLFULNESS

48. Experian's conduct was willful under 15 U.S.C. § 1681n. Experian knew or should have known that withholding identifying information violates section 1681g(a)(1).

49. Despite this knowledge Experian continued this practice and made no meaningful effort to comply with the statutory requirement to disclose all information in a consumer's file.

50. The Federal Trade Commission has stated that truncating account numbers or identifying information does not comply with a consumer reporting agency's duty to disclose all information in the file.

51. Experian has been on notice of this requirement for many years, yet it continues to conceal or suppress information that the statute requires it to disclose.

52. Experian's interpretation of section 1681g(a)(1) is objectively unreasonable and demonstrates reckless disregard for Plaintiff's statutory rights.

53. The statute contains no language that allows a consumer reporting agency to withhold identifying information after a consumer has provided complete identifying information with their request.

54. Once the consumer verifies their identity the consumer reporting agency must disclose all information in the consumer's file and must not withhold account numbers, account identifiers, or any other information that Experian maintains internally.

55. Upon information and belief Experian's conduct is part of a systemic pattern. Experian has been sued multiple times for failing to disclose full identifying information in consumer file disclosures and has continued the same practices despite repeated litigation and notice of these violations.

56. Experian's refusal to correct or modify its disclosure procedures shows a deliberate disregard for its statutory obligations and for the rights of consumers.

57. Experian often claims that it withholds account numbers or identifying information to protect consumers from possible identity theft.

58. This justification is not supported by any provision in the FCRA. Section 1681g(a)(1) does not authorize a consumer reporting agency to withhold information from the file disclosure once the consumer has verified their identity and requested their file.

59. The statute guarantees consumers full transparency into their own information, and Experian cannot rely on internal policies or identity theft concerns to override this requirement.

60. Experian includes a Summary of Rights informing consumers that they are entitled to receive all information in their file.

61. Despite this, Experian willfully withholds the very information it tells consumers they are entitled to receive.

62. This conduct demonstrates a knowing, intentional, and reckless disregard for the plain text of the statute and for Plaintiff's rights under the FCRA.

## COUNT I

### Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681g(a)(1)
### (Failure to Provide Clear, Complete and Accurate File Disclosure)

63. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

64. Experian is a consumer reporting agency subject to the requirements of the Fair Credit Reporting Act. Section 1681g(a)(1) requires a consumer reporting agency to disclose to a consumer, upon request and after proper identification, all information in the consumer's file at the time of the request.

65. The statute requires the disclosure to be full, clear, and accurate so that the consumer can understand, verify, identify and correct information that the agency maintains and disseminates.

66. Plaintiff submitted a proper request for her consumer file disclosure in October 2025 and provided complete identifying information. Experian prepared and mailed a disclosure dated October 14, 2025. Despite Plaintiff's proper and verified request, Experian did not clearly and accurately disclose all information in Plaintiff's file that it maintained at the time of her request.

67. Experian withheld full account numbers, full account identifiers, and other internal identifying data that existed in its internal systems at the time of Plaintiff's request. These omissions relate specifically to the following accounts that appeared in Plaintiff's October 2025 file disclosure: Westlake Financial SVC partial account 1409, National Credit Systems partial account 5590428, Self SouthStateBank partial account CBA0000000001638, State Employees Credit Union partial account 626236, Resurgent LVNV Funding partial account 549806008137, Merrick Bank Corp partial account 542539504382, Department of Education Nelnet partial account 90000085244, IC System Inc partial account 153714567, Department of Education Nelnet partial account 90000070862, Credit One Bank partial account 37936302979, Credit One Bank partial account 444796256434, Austin Capital Bank SSB partial account 8A8201, and Capital One partial account 517805801203.

68. Upon information and belief the furnishers of these accounts provided Experian with additional identifying information associated with each of these tradelines, and Experian used that information internally and in consumer reports furnished to third party creditors, yet Experian failed to disclose this information to Plaintiff in her file disclosure.

69. Experian's disclosure was incomplete because it omitted information that was part of Plaintiff's file and therefore did not present the information in a manner that could be distinctly conceived as the truth.

70. Experian's disclosure was not made clearly because it provided only partial account numbers and incomplete identifying data, which prevented Plaintiff from understanding without

Page 10 of 12

Case 5:25-cv-00796-FL    Document 1    Filed 12/09/25    Page 10 of 12

doubt or question whether the accounts belonged to her or were associated with any account that she may have had.

71. Experian's disclosure was not made accurately because the information presented did not reflect the full and accurate contents of Plaintiff's file and did not include the complete identifying information that Experian maintained internally.

72. Experian's disclosure was also misleading because it suggested that the truncated or partial information was the only information Experian possessed when Experian in fact retained more complete identifying information for each tradeline.

73. By withholding this information Experian failed to provide a file disclosure that was clear and accurate under the plain meaning of those terms. Experian failed to provide a disclosure that reflected all of the information in Plaintiff's file at the time of her request as required by section 1681g(a)(1).

74. Experian's conduct was willful or, in the alternative, negligent. Experian knew or should have known that the statute required it to disclose all information in Plaintiff's file including full account numbers and identifying data. Experian's continued refusal to do so, despite regulatory guidance, repeated litigation, and the plain language of the statute, demonstrates a reckless disregard for Plaintiff's rights under the FCRA.

75. As a direct and proximate result of Experian's violations of 15 U.S.C. § 1681g(a)(1), Plaintiff is entitled to statutory damages, actual damages, punitive damages, and costs, under 15 U.S.C. §§ 1681n and 1681o.

### Demand For Jury Trial

Plaintiff Antrece Shavon Ross demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Antrece Shavon Ross

Antrece Shavon Ross, Pro Se
301 S Mcdowell St STE 125
Charlotte NC 28204
msantreceross@yahoo.com
Dated: 12-7-2025

## Certificate Of Service

I hereby certify that on the date of filing, a true and correct copy of the foregoing Complaint was served on all entitled parties in accordance with the applicable rules.

/s/ Antrece Shavon Ross   *Antrea Ross*

Antrece Shavon Ross, Pro Se
301 S Mcdowell St STE 125
Charlotte NC 28204
msantreceross@yahoo.com
Dated: 10-31-2025